# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **REGIONS BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-3272 |
| | ) | |
| **JOHN L. ROONEY, COUNTY** | ) | |
| **TREASURER OF BUREAU** | ) | |
| **COUNTY, ILLINOIS, CITIZENS** | ) | |
| **EQUITY FIRST CREDIT UNION,** | ) | |
| **TAX LIEN INVESTMENTS,** | ) | |
| **UNKNOWN OWNERS and** | ) | |
| **NON-RECORD CLAIMANTS,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Regions Bank's Motion for Summary Judgment (d/e 16). Because the inclusion of Unknown Owners and Non-Record Claimants destroys complete diversity, this cause is dismissed without prejudice for lack of jurisdiction.

# I. BACKGROUND

In October 2018, Plaintiff filed a Verified Complaint for Foreclosure (d/e 1). On December 11, 2018, Plaintiff filed a Verified Amended Complaint for Foreclosure (d/e 9) naming as Defendants John L. Rooney, the record titleholder of the property in question, as well as other defendants who may have an interest in the property, including the County Treasurer of Bureau County, Illinois, Citizens Equity First Credit Union (CEFCU), Tax Lien Investments, and Unknown Owners and Non-Record Claimants.

Plaintiff invoked federal jurisdiction under 28 U.S.C. § 1332 predicated on the assertions that the amount in controversy exceeded $75,000 and that the parties were diverse. Specifically, Plaintiff alleged that Plaintiff is an Alabama state banking corporation with its principal place of business in Alabama. Plaintiff alleged that Rooney is a citizen of Sangamon County, Illinois, and the County is a public governmental entity located in Illinois. Plaintiff alleged that CEFCU is an Illinois credit union with its principal place of business in Peoria County, Illinois. See 205 ILCS 305/2 (Illinois statue providing for the incorporation of credit unions); Wachovia Bank v. Schmidt, 546 U.S. 303, 306

(2006) (noting that state banks are usually chartered as corporate bodies by the state and the citizenship of such banks is the state of incorporation and the state where the bank has its principal place of business). Finally, Plaintiff alleged that Tax Lien Investments is a business operating in DeKalb, Illinois that is, on information and belief, owned by Douglas Johnson, a citizen of DeKalb County, Illinois. See Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 317 (7th Cir. 1998) (unincorporated membership associations are treated as citizens of every state of which any partner or member is a citizen). Plaintiff did not make any allegations regarding the citizenship of the Unknown Owners and Non-Record Claimants but stated that they were named "to terminate their purported interest in and to the Real Estate." Am. Compl. ¶¶ 7, 8.

Plaintiff filed an Affidavit of Service by Publication as to Unknown Owners and Non-Record Claimants (d/e 11) pursuant to Illinois law. See 735 ILCS 5/2-206 (providing for service by publication); 735 ILCS 5/15-1502(c)(2) (requiring, for termination of the rights of non-record claimants, an affidavit and notice to non-record claimants); see also 735 ILCS 5/2-413 (providing for service of unknown parties by affidavit and publication). Plaintiff

thereafter served the Unknown Owners and Non-Record Claimants by publication (d/e 15). The other defendants have also been served. See d/e 4 (waiver of service executed by Rooney); d/e 6 (affidavit of service on CEFCU); d/e 7 (affidavit of service on Tax Lien Investments); d/e 14 (affidavit of service on the County Treasurer of Bureau County, Illinois).

On April 19, 2019, Plaintiff filed a Motion for Summary Judgment (d/e 16). None of the defendants have filed an answer to the Amended Complaint or responded to the Motion for Summary Judgment. Plaintiff has not sought a default judgment against any of the defendants.

On May 14, 2019, this Court directed Plaintiff to address whether the inclusion of Unknown Owners and Non-Record Claimants destroys complete diversity. Plaintiff filed a Memorandum (d/e 17) asserting that Unknown Owners and Non-Record Claimants are nominal parties whose inclusion does not destroy diversity. In the alternative, Plaintiff asks that the Court dismiss the Unknown Owners and Non-Record Claimants if the Court finds that they are not nominal parties.

## II. ANALYSIS

This Court has an obligation to raise sua sponte whether the Court has subject matter jurisdiction. See Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

Diversity jurisdiction cannot be established without knowing the citizenship of every defendant. For this reason, "John Doe" defendants are generally not permitted in diversity suits. Pain Ctr. of SE Indiana LLC v. Origin Healthcare Solutions LLC, 893 F.3d 454, 458 (7th Cir. 2018) ("Because the prerequisites for diversity jurisdiction must be proved and not presumed, John Doe defendants are ordinarily forbidden in federal diversity suits."). An exception exists when "John Does are nominal parties—nothing more than placeholders" in the event that discovery identifies additional defendants the plaintiff wishes to sue. Id. In such cases, the court can ignore John Does for purposes of diversity jurisdiction. Id.

Plaintiff cites John Hancock Realty Dev. Corp. v. Harte, 568 F. Supp. 515 (N.D. Ill. 1983) in support of the assertion that the Unknown Owners and Non-Record Claimants are nominal parties who can be ignored for purposes of diversity jurisdiction. In Harte, the district court held that the existence of any unknown owners or non-record claimants in a mortgage foreclosure action was merely speculative and that any interest such persons might have "cannot be held to be real and substantial until such individual is known to exist and comes forward to make a claim." Id. at 516. The Harte court concluded that the unknown owners and non-record claimants were "nominal parties with no substantial interest in the controversy." Id.

The Harte decision, however, is the minority view of the district courts in the Seventh Circuit that have considered the issue. The majority of district courts in the Seventh Circuit who have addressed the issue conclude that unknown owners and non-record claimants are not nominal parties. See First Bank v. Tamarack Woods, LLC, No. 13-cv-00058, 2013 WL 5436373, at *2 (S.D. Ill. Sept. 30, 2013) (where the plaintiff sought to terminate the interests of the unknown owners and non-record claimants in

the mortgaged real estate); Home Sav. of Am. F.A. v. Am. Nat'l Bank & Trust Co. of Chicago, 762 F. Supp 240, 242 (N.D. Ill. 1991) (where the plaintiff sought a binding adjudication against the unknown owners and non-record claimants in foreclosure action); John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chicago, 555 F. Supp. 1026 (N.D. Ill. 1983).

 For example, in Home Savings of America, the court reasoned that Illinois law permits the joinder of unknown owners and non-record claimants and, where such parties are joined, the court has the power to make a binding decision as to their rights. In such instances, unknown owners and non-record claimants are not nominal parties. Home Sav. of Am., 762 F. Supp at 242; see also Tamarack Woods, 2013 WL 5436373, at *2. The Home Savings of America court also noted that the existence of unknown owners and non-record claimants is not speculative, pointing in particular to the right of some claimants, such as the judgment creditor of a mortgagor, to redeem the property after a foreclosure sale. Home Sav. of Am., 762 F. Supp. at 243; 735 ILCS 5/12-132 (providing a judgment creditor of a mortgagor the right to redeem the mortgaged property after the expiration of three months and within

six months after the sale); see also Gen. Elec. Credit Corp. v. Am. Nat'l Bank & Trust Co. of Chicago, 562 F. Supp. 456, 457 n.2 (N.D. Ill. 1983) (noting the interest of a judgment creditor of a mortgagor). Considering such claimants "nominal" ignores the interests they may have in the mortgaged property. Home Sav. of Am., 762 F. Supp. at 243.

Here, the Unknown Owners and Non-Record Claimants are not merely nominal parties. Plaintiff seeks a binding decision as to the rights of Unknown Owners and Non-Record Claimants. Home Sav. Of Am., 762 F. Supp. at 242 ("Because the court has the power to make a binding decision as to their rights, unknown owners and nonrecord claimants must be considered more than nominal parties."); Bancboston Mortgage Corp. v. Pieroni, 765 F. Supp. 429, 431 (N.D. Ill. 1991) (noting that unknown owners and non-record claimants are more than nominal parties when they are either named as parties or the plaintiff seeks to bind them by publication). Therefore, this Court finds that the inclusion of Unknown Owners and Non-Record Claimants, whose citizenship is unknown, destroys complete diversity.

In its Memorandum, Plaintiff asks that the Court dismiss the non-diverse defendants if the Court finds the inclusion of Unknown Owners and Non-Record Claimants destroys diversity. Plaintiff cites no authority for the Court to do so and provides no analysis.

Generally, subject matter jurisdiction is determined as of the time of the filing of the complaint. See Cook v. Winfrey, 141 F.3d 322, 326 (7th Cir. 1989). However, a district court may drop a dispensable nondiverse party at any time. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) (citing Federal Rule of Civil Procedure 21).

As currently pleaded, the Unknown Owners and Non-Record Claimants are not dispensable because Plaintiff has sought to terminate their interests in the property. Tamarack Woods, 2013 WL 5436373, at * 2 (dismissing the case rather than dismissing the nondiverse unknown parties because the plaintiff sought to terminate the unknown parties' interests in the mortgaged property). Moreover, even if the Court dismisses Unknown Owners and Non-Record Claimants, the fact remains that Plaintiff filed the affidavit required by Illinois law and proceeded to serve Unknown

Owners and Non-Record Claimants by publication, which will cause them to be bound to any judgment of foreclosure. Under Illinois law, the interest of a non-record claimant who is given notice as provided by 735 ILCS 5/15-1502 "shall be barred and terminated by any judgment of foreclosure to the same extent as if such claimant had been a party." 735 ILCS 5/1502(b). A mortgagee cannot avoid the requirements of diversity jurisdiction by not naming unknown owners and non-record claimants as defendants while also seeking to bind them by filing the affidavit required by Illinois law and serving them by publication. Bancboston Mortgage Corp., 765 F. Supp. at 431.

### III. CONCLUSION

For the reasons stated, the inclusion of Unknown Owners and Non-Record Claimants destroys complete diversity in this case. Therefore, this cause is DISMISSED without prejudice for lack of jurisdiction. This case is CLOSED.

**ENTERED: June 3, 2019**

**FOR THE COURT:**

        *s/Sue E. Myerscough*
        **SUE E. MYERSCOUGH**
        **UNITED STATES DISTRICT JUDGE**